**AFFIRMED as MODIFIED; DISMISS and Opinion Filed August 28, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00461-CR**
**No. 05-23-00462-CR**
**No. 05-23-00463-CR**
**No. 05-23-00464-CR**
**No. 05-23-00465-CR**
**No. 05-23-00466-CR**
**No. 05-23-00467-CR**
**No. 05-23-00468-CR**

**COLETTE KANE FERRELL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F15-00468, F15-00505, F15-00582,**
**F15-00697, F15-10269, F16-00344, F16-00478, F17-00617**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

Colette Kane Ferrell appeals her convictions for theft of property. Appellant contends she received ineffective assistance of counsel. In the alternative, she contends the judgments should be modified to show the correct probation violation found by the trial court. The State agrees the judgments should be modified as requested by appellant. We further modify the judgments on our own motion to

correctly reflect appellant's plea. In addition, the State asserts this Court does not have jurisdiction in appellate cause number 05-23-00468-CR because the criminal action made the subject of that appeal was dismissed by the trial court. For the reasons set forth below, we modify the trial court's judgments in trial court cause numbers F15-00468, F15-00505, F15-00582, F15-00697, F15-10269, F16-00344, and F16-00478 and affirm as modified. We dismiss appellate cause number 05-23-00468-CR for want of jurisdiction.

## Background

Appellant was indicted for theft of property in each of the cases referenced above. On December 20, 2016, she was placed on deferred adjudication probation for a period of five years. Appellant reported to the community supervision office on January 11, 2017. She failed to report as required after that date.

On March 8, 2017, the court issued a summons ordering appellant to appear and answer to the charge of violating her probation. Appellant failed to appear. The State then filed a motion to revoke appellant's probation on May 11, 2017 alleging she had violated the conditions of her probation by (1) failing to report to the community supervision office and (2) failing to pay court costs and fines as ordered by the court.

A hearing on the State's motion to revoke was not conducted until six years later. At the hearing, the State abandoned its allegation concerning appellant's failure to pay costs and fines, and proceeded only on the allegation of her failure to

–2–

report. The State presented testimony that appellant had been given reporting instructions and she reported to the community supervision office only once from the time she was placed on probation until the date of the hearing. The defense acknowledged that appellant had absconded, but suggested she may have reported to a probation office in a different county. Appellant refused to testify in her own defense. Instead she stated she wanted to retain new counsel because her current attorney had not filed any motions to oppose the motion to adjudicate.

The trial court found that appellant had violated her probation, granted the State's motion to adjudicate, and sentenced appellant to two years in state jail for each offense. Five days later, the State filed a motion to dismiss in cause number F17-00617. The motion was granted by the trial court the same day. This appeal followed.

**Analysis**

## I. Ineffective Assistance

In her first two issues, appellant contends she received ineffective assistance of counsel because her attorney failed to object to the trial court's jurisdiction or assert a due diligence defense. To succeed in showing ineffective assistance of counsel, an appellant must demonstrate both that their counsel's representation fell below an objective standard of reasonableness and that the alleged deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant bears the burden of proving counsel was ineffective by a

preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and was motivated by legitimate trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Claims of ineffective assistance are generally not successful on direct appeal because the record is inadequately developed for an appellate court to fairly evaluate the merits of such a serious allegation. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). The court of criminal appeals has made clear that, in most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Counsel should ordinarily be afforded the opportunity to explain their actions before being denounced as ineffective. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim App. 2012). If trial counsel is not given that opportunity, then an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. Claims of ineffective assistance must be firmly rooted in the record. *See Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).

Appellant's arguments that her counsel was ineffective are based on the absence of a capias warrant in the appellate record. She contends her counsel should

have objected to the trial court's jurisdiction because a court does not retain jurisdiction to adjudicate a defendant's guilt after the probationary period has ended if a capias was not issued for the defendant's arrest before the period of community supervision expired. TEX. CODE CRIM. PROC. ANN. art. 42A.108(c). She further contends that, in the absence of a capias warrant, her counsel should have raised the affirmative defense of lack of diligence to contact her under article 42A.109 of the code of criminal procedure. *See id.* art. 42A.109.[1] Although no capias warrants appear in the appellate record, the record is silent as to how appellant came to be arrested. As the State points out, other items are missing from the record including orders placing appellant on deferred adjudication probation.[2]

We conclude this record, as with most records on direct appeal, is not adequate to evaluate appellant's claims of ineffective assistance. We cannot speculate as to why appellant's counsel did not raise the issues noted by appellant. If capias warrants were, in fact, issued before appellant's community supervision period

---

[1] Article 42A.109 of the code of criminal procedure provides that, for the purposes of a hearing on a motion to proceed with adjudication, "it is an affirmative defense to revocation for an alleged violation based on a failure to report to a supervision officer as directed or to remain within a specified place that no supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of deferred adjudication community supervision was entered." TEX. CODE CRIM. PROC. ANN. art. 42A.109.

[2] While appellant specifically requested many items be included in the appellate record, she did not specifically request warrants.

ended, then any challenge to the trial court's jurisdiction would have been without merit. Furthermore, there is nothing in the record to show the State did not use diligence in attempting to contact appellant during the time she absconded. Where counsel's alleged derelictions are of omission rather than commission, a collateral attack through a habeas corpus proceeding in which additional evidence may be gathered is the proper vehicle. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

## II. Modification of Judgments

In her third issue, appellant requests we modify the final judgments in each case to reflect the correct probation violation found by the trial court. The judgments state the court found appellant "violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt." The original motion listed two conditions that were allegedly violated: condition (d) which required her to regularly report to the community supervision office, and condition (h) which required appellant to immediately pay court costs and fines upon her release. At the hearing on the motion, the State abandoned the allegation that appellant violated condition (h). In addition, the judgments incorrectly state appellant pleaded true to the allegations in the motion to adjudicate when the record shows she pleaded not true.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865

S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Accordingly, we modify the judgments in trial court cause numbers F15-00468, F15-00505, F15-00582, F15-00697, F15-10269, F16-00344, and F16-00478 as follows: (1) in the portion of the judgments concerning the plea on the motion to adjudicate, we modify "true" to "not true" and (2) in the portion of the judgments concerning the trial court's findings we modify "the conditions" to "condition (d)". As modified, those judgments are affirmed.

### III. Dismissal for Want of Jurisdiction

The record reflects the trial court dismissed the criminal action against appellant in trial court cause number F17-00617. Because there is no final judgment in that case to appeal, we dismiss the appeal in appellate cause number 05-23-00468-CR for want of jurisdiction.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
230461F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COLETTE KANE FERRELL,
Appellant

No. 05-23-00461-CR         V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F15-00468-R.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

(1) in the portion of the judgments concerning the plea on the motion
to adjudicate, we modify "true" to "not true" and (2) in the portion of
the judgments concerning the trial court's findings we modify "the
conditions" to "condition (d)".

As **REFORMED**, the judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 28, 2024



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

COLETTE KANE FERRELL,
Appellant

No. 05-23-00462-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F15-00505-R.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

(1) in the portion of the judgments concerning the plea on the motion
to adjudicate, we modify "true" to "not true" and (2) in the portion of
the judgments concerning the trial court's findings we modify "the
conditions" to "condition (d)".

As **REFORMED**, the judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 28, 2024



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COLETTE KANE FERRELL,
Appellant

No. 05-23-00463-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F15-00582-R.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) in the portion of the judgments concerning the plea on the motion to adjudicate, we modify "true" to "not true" and (2) in the portion of the judgments concerning the trial court's findings we modify "the conditions" to "condition (d)".

As **REFORMED**, the judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 28, 2024



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

COLETTE KANE FERRELL,
Appellant

No. 05-23-00464-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F15-00697-R. Opinion delivered by Justice Reichek. Justices Goldstein and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) in the portion of the judgments concerning the plea on the motion to adjudicate, we modify "true" to "not true" and (2) in the portion of the judgments concerning the trial court's findings we modify "the conditions" to "condition (d)".

As **REFORMED**, the judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 28, 2024

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COLETTE KANE FERRELL,
Appellant

No. 05-23-00465-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F15-10269-R.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

(1) in the portion of the judgments concerning the plea on the motion
to adjudicate, we modify "true" to "not true" and (2) in the portion of
the judgments concerning the trial court's findings we modify "the
conditions" to "condition (d)".

As **REFORMED**, the judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 28, 2024



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

COLETTE KANE FERRELL,
Appellant

No. 05-23-00466-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-00344-R.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) in the portion of the judgments concerning the plea on the motion to adjudicate, we modify "true" to "not true" and (2) in the portion of the judgments concerning the trial court's findings we modify "the conditions" to "condition (d)".

As **REFORMED**, the judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 28, 2024

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COLETTE KANE FERRELL,
Appellant

No. 05-23-00467-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-00478-R.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

(1) in the portion of the judgments concerning the plea on the motion
to adjudicate, we modify "true" to "not true" and (2) in the portion of
the judgments concerning the trial court's findings we modify "the
conditions" to "condition (d)".

As **REFORMED**, the judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered August 28, 2024

–14–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

COLETTE KANE FERRELL,
Appellant

No. 05-23-00468-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F17-00617-R.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**DISMISSED FOR WANT OF JURISDICTION**.

Judgment entered August 28, 2024